*281 Opinion or the Court, by
Cn. J. Boyle.
THIS was a bill in '¡fencery,,-with injunction, filed by Lewis and Gray,,to be released' from a judgment at law which had obtained against Azariaji Davis *282 and them, as bis securities. They allege thaf Davis had discharged the judgment by assigning to Hayden abond for more than the amount, upon Zeba Howard, who had paid the bond. •
Iiavden, in his answer, denies that he had ever received payment through Howard or otherwise.
Depositions were taken on the part of the complainants; but, on a final hearing, those depositions were rejected, because they had been taken t.00 late, .and the bill was decreed to be dismissed, and the injunction dissolved, with ten per centum damages and costs; and to that decree this writ of error is prosecuted by the oomplainants.
Were the depositions taken on the part of the complainants to he read, there could be no doubt of their sulficienc}' to sustain the complainants’ title to relief; and the rejection of the depositions, under the circumstances exhibited in the record, must, to say the least of it, be deemed á very rigid practice; but it is unnecessary to detail the circumstances under which they were rejected, or to enquire how far their rejection, on the score of strict law, could be justified; for it is apparent, that the case was not, in other respects, in a situation which would warrant the final hearing of the cause, and the decree pronounced by the circuit court dismissing the bill absolutely. •
• Davis, who was the principal in the judgment at law, and who is alleged to have discharged it, was unquestionably a necessary party to the suit, and he was not made a party, either complainant or defendant. For this cause the circuit court might have dismissed the bill; but it should have been without prejudice, and not absolutely, as wras done by that court..
The decree must, therefore, be reversed, so far as it dismisses the bill absolutely, and the cause be remanded, that the bill may be dismissed without prejudice to another suit. Each party must pay their respective costs in this court.